# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIAJEE COOPER, | : |
|    Plaintiff, | : |
| | :   CIVIL ACTION |
| v. | : |
| | :   NO. 20-2713 |
| COMMONWEALTH, *et al.*, | : |
|    Defendants. | : |

## MEMORANDUM

**YOUNGE, J.**                                                                  **AUGUST 12, 2020**

Plaintiff Naijee Cooper, a convicted prisoner currently incarcerated at SCI-Pine Grove, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, naming as Defendants the Court of Common Pleas, Judge Kai Scott, and Assistant District Attorneys Danielle Bunting and Ashley Toczylowski.[1] (ECF No. 1.) Cooper has also filed a Motion for Leave to Proceed *in Forma Pauperis* together with an inmate account statement (ECF Nos. 4 and 5.) For the following reasons, Cooper will be granted leave to proceed *in forma pauperis,* and the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGATIONS[2]

Cooper claims that, as a result of the manipulation of the proceedings in his underlying state court criminal case, he has been falsely imprisoned, in violation of § 1983. Cooper was charged with "Agg/Robb" on "Jan 3116" but he asserts that he did not commit these crimes.

---

[1] Cooper asserts an official capacity claim against the Court. His claims against the individual Defendants are asserted against them in their individual capacities.

[2] The allegations set forth in this Memorandum are taken from Cooper's Complaint.

(ECF No. 1 at 4.)[3] He further alleges that he "was falsely accuse for a matter that Danielle Bunting and Det. Winward from 35th Dist. accuse me of by manipulating the courts to try to convict me." (*Id.*) In support of this claim, Cooper states that "[t]he actual victim told the Court I was not the accuse. He also came to a prelim hearing and state that the cops & ADA: Charles Sewell tried to manipulate him into saying I was the accuse who shot him." (*Id.* at 5.)

Based on the foregoing, Cooper asserts a claim under 42 U.S.C. § 1983, based upon false imprisonment and manipulation of court proceedings. (*Id.* at 3-4.) He seeks recovery for loss of wages, and compensatory damages in the amount of $500,000 for loss of family, including an aunt and a cousin, PTSD, and false imprisonment for thirty-three months. (*Id.* at 5.)

Review of the public docket in *Commonwealth v. Cooper*, No. CP-51-CR-5211-2016 (C.P. Phila.), reveals that on January 13, 2016, a criminal complaint against Cooper was filed, and on June 21, 2016, he was arraigned on numerous charges, including aggravated assault and robbery with the threat of immediate serious injury. Following trial before the Honorable Kai Scott, on July 13, 2018, Cooper was found guilty of aggravated assault, robbery with the infliction of serious bodily injury, and related firearm offenses. On September 13, 2018, he was sentenced to a term of 8 to 20 years' incarceration. Cooper did not file a direct appeal of his conviction, but on March 20, 2019 filed a petition under the Post-Conviction Relief Act. Counsel was appointed and an amended petition was filed on July 16, 2020.

---

[3] The Court adopts the pagination assigned to the Complaint by the EC/ECF docketing system.

## II. STANDARD OF REVIEW

Because Cooper appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*  As Cooper is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Cooper's Complaint suffers from several deficiencies.  First, even read liberally, it is not clear that Cooper has "allege[d] the violation of a right secured by the Constitution and laws of

---

[4] Because Cooper is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the filing fee in full in installments.

3

the United States." His false imprisonment claim is one of state law.[5] His claim that the Defendants manipulated the underlying court proceedings might plausibly implicate his due process rights but is not subject to this Court's review for the reasons stated below. Most importantly, even had Cooper identified a constitutional claim, none of the named Defendants is amenable to suit, requiring dismissal of Cooper's Complaint.

### A. Immunity

#### 1. Claims Against the Court of Common Pleas

Cooper asserts a claim against the "Commonwealth Court of Common Pleas." This Court understands this to be a claim against the Philadelphia Court of Common Pleas, where Cooper was tried and convicted. The Philadelphia Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, Cooper's claim against the Philadelphia Court of Common Pleas is barred by the Eleventh Amendment. Cooper's claim against the Philadelphia Court of Common Pleas will be dismissed with prejudice.

#### 2. Claims Against Judge Scott

Cooper includes Judge Scott as a Defendant but does not include in his Complaint any allegations of fact identifying the basis of his claim against her. The Court notes that the publicly available docket in Cooper's underlying state court criminal case reflects that Judge Scott presided over Cooper's trial. Presumably, Cooper's claim arises from Judge Scott's conduct as the presiding judge during those proceedings.

---

[5] Of note, Cooper also identifies false imprisonment as an element of damages.

The claim against Judge Scott is dismissed with prejudice. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Here, there is no suggestion that Judge Scott was acting in the complete absence of all jurisdiction. Because presiding over a trial and related matters are functions normally performed by a judge, Cooper's claim based on this conduct must be dismissed with prejudice under § 1915 because Judge Scott is absolutely immune from suit.

### 3. Claims Against Assistant District Attorneys Bunting and Toczylowski

Cooper includes Assistant District Attorneys Bunting and Toczlowski as Defendants, but, other than a single allegation that ADA Bunting and Detective Winward (who is not as a Defendant) sought to manipulate the courts to convict Cooper of the charges against him, the Complaint does not provide any other facts supporting Cooper's claims. The Court presumes that the claims arise from the ADAs' participation in the state court criminal prosecution. Prosecutors, however, are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to

5

absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). Cooper does not allege that these Defendants acted outside the scope of his criminal proceedings, and, therefore, they are entitled to absolute immunity and the claims against them must be dismissed with prejudice.

### B. *Heck v. Humphrey* Bars Cooper's Claims

"[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck* 512 U.S. at 487.

Here, Cooper seeks to recover compensatory damages based on his claim that the underlying court proceedings were manipulated and his imprisonment falsely obtained. A judgment in his favor would necessarily imply the invalidity of his conviction. Because his

conviction has not been invalidated, Cooper cannot pursue this claim at this time, and his Complaint must be dismissed without prejudice to his raising it at a later time, if his conviction is invalidated.

## IV.     CONCLUSION

For the reasons stated, Cooper's application for leave to proceed *in forma pauperis* will be granted; Defendants Smith, Bunting, Toczylowski, and the Philadelphia Court of Common Pleas will be dismissed with prejudice pursuant to § 1915(e)(2)(B); and the case will be dismissed without prejudice. No leave to amend will be granted because any amendment against the named Defendants would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). However, Cooper may assert his claims in a new lawsuit should his conviction ever be reversed, invalidated or otherwise impugned. An appropriate Order follows.

BY THE COURT:

 /s/ John Milton Younge
JOHN M. YOUNGE, J.