# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NIAJEE COOPER,** : | |
|     **Plaintiff,** : | |
| : | **CIVIL ACTION** |
| **v.** : | |
| : | **NO. 20-2713** |
| **COMMONWEALTH,** *et al.*, : | |
|     **Defendants.** : | |

## ORDER

AND NOW, this  12th  day of August, 2020, upon consideration of Niajee Cooper's Motion to Proceed *In Forma Pauperis* (ECF No. 4), Prisoner Trust Fund Account Statement (ECF No. 5), and *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Niajee Cooper, # NN-5150, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI-Pine Grove or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Cooper's inmate account; or (b) the average monthly balance in Cooper's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Cooper's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's

income credited to Cooper's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI-Pine Grove.

4. The Complaint is **DEEMED** filed.

5. Cooper's claims against the Philadelphia Court of Common Pleas, Judge Kai Scott, and Assistant District Attorneys Bunting and Toczylowski are **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons set forth in this Court's Memorandum.

6. Cooper's Complaint is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The dismissal is without prejudice to Cooper filing a new case only in the event his underlying conviction is reversed, vacated, or otherwise invalidated.

7. The Clerk of Court shall **CLOSE** this case.

                                                      **BY THE COURT:**

                                               /s/ John Milton Younge
                                              JOHN M. YOUNGE, J.